COLIN G. MEEKER (Ohio Bar No. 0092980)
BLAKEMORE, MEEKER & BOWLER CO., L.P.A.
495 Portage Lakes Dr.
Akron, Ohio 44319
Telephone:      (330) 253-3337
Facsimile:      (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff Spencer Neal

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SPENCER NEAL,<br><br>       Plaintiff,<br><br>vs.<br><br>426 LLC,<br>d/b/a THE SCORE DRAFT ROOM<br><br>    &<br><br>THE ANTONIO J. LORENZO, aka JAFAR ABUKHALED LIVING TRUST,<br>ANTINIO J. LORENZO, TRUSTEE,<br><br>    &<br><br>422 EAST EXCHANGE, LLC,<br><br>       Defendants. | **Case No.:**<br>**Civil Rights**<br><br>**COMPLAINT FOR INJUCTIVE RELIEF AND DAMAGES:**<br><br>**1ST CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disability Act of 1990 ("title III" and "ADA"), 42. U.S.C. §§ 12181 *et seq.*<br><br>**2ND CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of Ohio Revised Code § 4112.02, *et seq.*<br><br>**3RD CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of Ohio Administrative Code § 4101:1-11, *et sec.*<br><br>**DEMAND FOR JURY** |

Plaintiff SPENCER NEAL Complains of Defendants 426 LLC, THE ANTONIO J.

LORENZO, AKA JAFAR ABUKHALED LIVING TRUST and 422 EAST EXCHANGE, LLC,

and alleges as follows:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 1

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical

disabilities, of which plaintiff SPENCER NEAL is a member of, for failure to remove

architectural barriers structural in nature at Defendants' THE SCORE DRAFT ROOM, a place

of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal

enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and

accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the Americans

with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.;* Ohio Revised

Code § 4112.02, *et seq*.; and Ohio Administrative Code § 4101:1-11, *et sec.*

2.      Plaintiff SPENCER NEAL is a person with physical disabilities who, on or

about September 30, 2017, was an invitee, guest, patron, or customer at Defendants' THE

SCORE DRAFT ROOM, in the City of Akron, Ohio. At said time and place, defendant failed to

provide proper legal access to THE SCORE DRAFT ROOM, "which is a public

accommodation" and/or a "public facility". The denial of access was in violation of both federal

and Ohio legal requirements, and plaintiff SPENCER NEAL suffered violation of his civil rights

to full and equal access, and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.      **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C.

§1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

nucleus of operative facts and arising out of the same transactions, are also brought under

parallel Ohio law, whose goals are closely tied with the ADA, including but not limited to

violations of Ohio Revised Code § 4112.02, *et seq*.; and Ohio Administrative Code § 4101:1-11,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2

*et sec.*

4.     **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district at/near 426 E. Exchange St., in the City of Akron, County of Summit, State of Ohio and that plaintiff's causes of action arose in this district.

**PARTIES:**

5.     Plaintiff SPENCER NEAL is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) Plaintiff SPENCER NEAL is a "person with physical disabilities," as defined by all applicable Ohio and United States laws. Plaintiff requires the use of a wheelchair to travel about in public. Consequently, plaintiff SPENCER NEAL is a member of that portion of the public whose rights are protected by the provisions of Ohio Revised Code § 4112.02, *et seq.* and Ohio Administrative Code § 4101:1-11, *et sec.*

6.     Defendants 426 LLC, a for-profit Ohio limited liability company, THE ANTONIO J. LORENZO, AKA JAFAR ABUKHALED LIVING TRUST, an entity created and administered under Ohio law, and 422 EAST EXCHANGE, LLC, a for-profit Ohio limited liability company, (hereinafter alternatively referred to as "Defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, and/or alter ego, franchisor and/or franchisee, of the building and/or buildings which constitute a public facility in and of itself, occupied by THE SCORE DRAFT ROOM, a public accommodation, located at/near 426 E. Exchange St., Akron, Ohio, and subject to the requirements of Ohio state law requiring full and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3

equal access to public facilities pursuant to Ohio Revised Code § 4112.02, *et seq.*, Ohio

Administrative Code § 4101:1-11, *et sec.*, and subject to the Americans with Disability Act of

1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal

requirements referred to in this complaint.

      7.  At all times relevant to this complaint, Defendants are the lessee, or agent of the

lessees, and/or lessors, of said premises, and/or alter ego of the lessees, lessors and their agents,

and owns and operates in joint enterprise the subject THE SCORE DRAFT ROOM as a public

facility at/near 426 E. Exchange St., Akron, Ohio. This business is open to the general public and

conducts business therein. The business operating on said premises is a "public accommodation"

subject to the requirements of Ohio Revised Code § 4112.02, *et seq.* and Ohio Administrative

Code § 4101:1-11, *et sec.* Plaintiff does not know the relative responsibilities of the defendant in

the operation of the facilities herein complained of, and alleges a joint venture and common

enterprise by all such Defendants.

      8.  At all times relevant to this complaint, Defendants are the landlords/lessors,

tenants/lessees and the owners and operators of the subject THE SCORE DRAFT ROOM, a

public accommodation located at/near 426 E. Exchange St., Akron, Ohio. As such, Defendants

are jointly and severally responsible to identify and remove architectural barriers pursuant to

Code of Federal Regulations section 36.201(b), which states in pertinent

part:

    **§ 36.201**     **General**

                     (b) Landlord and tenant responsibilities. Both the landlord
                     who owns the building that houses a place of public
                     accommodation and the tenant who owns or operates the place of
                     public accommodation are public accommodations subject to the
                     requirements of this part. As between the parties, allocation of
                     responsibility for complying with the obligations of this part may

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4

be determined by lease or other contract.

CFR §36.201(b)

9.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of, and allege a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that the Defendants herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other Defendants, and is responsible in some manner for the acts and omissions of the other Defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of Defendants are ascertained.

10. Plaintiff is informed and believes that the named Defendants conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

**PRELIMINARY FACTUAL ALLEGATIONS:**

11. Defendants are the private person and/or entity that is a public accommodation that owns, leases (or leases to), or operates THE SCORE DRAFT ROOM, an entertainment facility,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 5

located at/near 426 E. Exchange St., Akron, Ohio. THE SCORE DRAFT ROOM and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code § 4101:1-11, *et sec.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected THE SCORE DRAFT ROOM to handicapped access requirements.

12. Plaintiff SPENCER NEAL is a person with a disability. Plaintiff SPENCER NEAL is a "physically disabled person," as defined by all applicable Ohio and United States laws. Plaintiff SPENCER NEAL requires the use of wheelchair for mobility and to travel in public.

13. At all times referred to herein and continuing to the present time, Defendants advertised, publicized and held out the THE SCORE DRAFT ROOM as being handicapped accessible and handicapped usable.

14. On or about September 30, 2017, plaintiff SPENCER NEAL was an invitee and guest at the subject THE SCORE DRAFT ROOM, arriving for purposes of purchasing food and/or drink.

15. On or about September 30, 2017, plaintiff SPENCER NEAL upon entering the parking lot noticed no designated accessible parking spaces on the shortest accessible route and no signage designating handicapped accessible parking.

16. On or about September 30, 2017, plaintiff SPENCER NEAL attempted to gain access to the establishment and noticed that there was no accessible route to enter the facility. In the building's front, two steps prevented plaintiff's entrance into the building. In the building's rear, the building did have a ramp that may have allowed plaintiff entry into the building. However, a fenced in patio, which included a door, was locked. The locked door prevented plaintiff's entry

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6

from the rear. Plaintiff attempted to ask individuals outside in the patio to unlock the fence door, however no one would assist him. Additionally, a parking lot with cracked and uneven pavement made SPENCER NEAL's trek from a non-accessible parking space to THE SCORE DRAFT ROOM's entrances extremely difficult. In traversing the property and attempting to enter the facility, SPECER NEAL strained and injured his shoulders.

17. Therefore, at said time and place, plaintiff SPENCER NEAL, a person with a disability, encountered the following inaccessible elements of the subject THE SCORE DRAFT ROOM which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities including, but not limited to:

      a.  lack of designated handicapped accessible parking along the shortest accessible route;

      b.  lack of signage designating handicapped accessible parking, including, but not limited to, van accessible parking, tow-away and fine signs;

      c.  lack of an accessible route to the entrances of the establishment;

      d.  severe cracked and uneven pavement;

      e.  lack of or inadequately defined policies and procedures for the assistance of disabled patrons;

      f.  on personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

18. The discriminatory violations described in ¶ 17 are not an exclusive list of the Defendants' violations. Plaintiff SPENCER NEAL requires the inspection of the Defendants'

place of public accommodation in order to photograph and measure all of the discriminatory acts violating the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

19. At all times stated herein, the existence of architectural barriers at Defendants' place of public accommodation evidenced "actual notice" of Defendants' intent not to comply with the Americans with Disability Act of 1990 ("title III" and "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.* either then, now or in the future.

20. As a legal result of Defendants' failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

21. As a further legal result of the actions and failure to act of defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff SPENCER NEAL suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from injury, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

22. Plaintiff SPENCER NEAL is "physically handicapped," "physically disabled," or a "person with physical disabilities" who was denied his rights to equal access to a public facility

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 8

by Defendants. Defendants maintained a public establishment without access for persons with physical disabilities to its parking lot and other public areas as stated herein, and continues to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

23. On information and belief, construction alterations carried out by Defendants have triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

24. Plaintiff, as described herein below, seeks injunctive relief to require THE SCORE DRAFT ROOM to be made accessible to meet the requirements of both Ohio law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendants operates and/or lease THE SCORE DRAFT ROOM as a public facility. Plaintiff seeks damages for violation of his civil rights, from September 30, 2017 until such date as defendant brings the establishment into full compliance with the requirements of Ohio and federal law. To encourage defendant to bring the establishment into compliance with the law, plaintiff also seeks daily damages of not less than $1,000/day for each day after his visit until such time as THE SCORE DRAFT ROOM is made fully accessible to plaintiff and to other persons with physical disabilities.

25. On information and belief, Defendants have been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

26. Because of Defendants' violations, plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendants on

a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendants to make THE SCORE DRAFT ROOM accessible to persons with disabilities.

27. On information and belief, Defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements. The acts and omission of Defendants in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice towards plaintiff, and despicable conduct carried out by Defendants with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify punitive damages pursuant to Ohio Revised Code § 2315.21, in amounts sufficient to make a more profound example of Defendants to other operators of other establishment and other public facilities, and to punish Defendants and to carry out the purposes of § 2315.21.

28. Plaintiff is informed and believes and therefore alleges that Defendants caused the subject building(s) to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of THE SCORE DRAFT ROOM and were denied full and equal use of said public facilities. Further, on information and belief, defendant has continued to maintain and operate said THE SCORE DRAFT ROOM and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such Defendants that the configuration of the establishment and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff SPENCER NEAL and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 10

as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Ohio.

29. On information and belief, the subject public facilities and building(s) of THE SCORE DRAFT ROOM denied full and equal access to plaintiff and other persons with physical disabilities in other respects due to noncompliance with requirements of Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

30. On personal knowledge, information and belief, the basis of Defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting THE SCORE DRAFT ROOM and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendants obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by this Defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendants' failure, under state and federal law, to make the establishment accessible is further evidence of Defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendants are within Defendants' exclusive control and cannot be ascertained except through discovery. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, Defendants knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiff and other persons with physical disabilities to the establishment. Said Defendants have continued such practices, in

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 11

conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants have further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the Defendants and served concurrently with the complaint. Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of punitive damages.

31. Punitive Damages -- Defendants, at times prior to and including September 30, 2017 and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all portions of this public facility. Despite such knowledge, Defendants failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by plaintiff and other similarly situated persons with disabilities, including the specific notices referred to in paragraph 30 of this complaint. Defendants have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendants have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of handicap access and has refused to comply with its legal obligations to make THE SCORE DRAFT ROOM accessible pursuant to the Americans with Disabilities Act and Ohio law. Such actions and continuing course of conduct by Defendants evidence despicable conduct in conscious disregard for the rights or safety of plaintiff and of other similarly situated persons, justifying an award of punitive damages.

32. Defendants' actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 12

intent toward those members of the public, such as plaintiff and other persons with physical disabilities who have been denied the proper access they are entitled to by law. Further, Defendants' refusals on a day-to-day basis to remove the barriers complained of herein evidence despicable conduct in conscious disregard for the rights of plaintiff and other members of the public with physical disabilities.

33. Plaintiff prays for an award of punitive damages against Defendants in an amount sufficient to make a more profound example of Defendants and discourage owners and operators of other establishments, and other public facilities, from willful disregard of the rights of persons with physical disabilities. Plaintiff does not know the financial worth of Defendants and seeks leave to amend this complaint when such facts are known.

34. Plaintiff SPENCER NEAL, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

## I. FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)

35. Plaintiff pleads and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 34 of this complaint.

36. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 13

existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

37.  Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

38.  As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

(7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -

. . .

(B) an entertainment facility, bar, or other establishment serving food or drink;

42 .S.C. §12181(7)(B).

39.  Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

40.  The specific prohibitions against discrimination set forth in §302(b)(2)(a),

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 14

42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of Defendants set forth herein were a violation of plaintiff's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.;* Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code § 4101:1-11, *et sec.*, making available damage remedies.

     41.    The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of THE

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 15

SCORE DRAFT ROOM pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

42.     Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendants to remove each of such barriers, Defendants have failed to make the required services available through alternative methods which were readily achievable.

43.     On information and belief, construction work on, and modifications of, the subject building(s) of THE SCORE DRAFT ROOM occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

*44.*     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302. Plaintiff cannot

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 16

return to or make use of the public facilities complained of herein so long as the premises and Defendants' policies bar full and equal use by persons with physical disabilities.

45.  Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff SPENCER NEAL has not returned to Defendants' premises since on or about September 30, 2017, but on information and belief, alleges that Defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

46.  Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

47.  Plaintiff seek damages pursuant to Ohio Revised Code § 4112.02, *et seq*. and Ohio Administrative Code § 4101:1-11, *et sec.*, which provide, within the statutory scheme, that a violation of the ADA and/or Ohio's accessibility standards is a violation of Ohio law.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

## II.  SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, *et seq*.

48.  Plaintiff repleads and incorporates by reference as if fully set forth again herein,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 17

the allegations contained in paragraphs 1 through 47 of this complaint.

49.     At all times relevant to this action, Ohio Revised Code § 4112.0254 has provided

that persons with physical disabilities are not to be discriminated against because of physical

handicap or disability. This section provides that:

It shall be an unlawful discriminatory practice:

(G)     For any proprietor or any employee, keeper, or manager of a place of
public accommodation to deny to any person, except for reasons
applicable alike to all persons regardless of race, color, religion, sex,
military status, national origin, disability, age, or ancestry, the full
enjoyment of the accommodations, advantages, facilities, or privileges of
the place of public accommodation.

50.     THE SCORE DRAFT ROOM and the business therein, are "places of public

accommodation" pursuant to Ohio Revised Code § 4112.01(A)(9).

51.     Defendants committed an unlawful act pursuant to Ohio Revised Code §

4112.02(G) by denying plaintiff SPENCER NEAL full enjoyment of its accommodations,

advantages, facilities, or privileges, whereas, plaintiff SPENCER NEAL had great difficulty

entering the property due to extensive barriers for patrons confined to wheelchairs on the

accessible route.

52.     Pursuant to Ohio Revised Code § 4112.99, plaintiff SPENCER NEAL is

entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be

determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction

requiring defendant to allow full and equal enjoyment of its goods, services, facilities, privileges,

and advantages to disabled persons.

53.     A separate act in violation of Ohio Revised Code § 4112.02(G) has been

committed each day that Defendants act or fail to act and/or knowingly and willfully fails and

refuse to remove each architectural barrier or policy and procedure barrier presently existing at

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 18

the subject public accommodation which denies full and equal access for persons with physical disabilities to said building(s), elements and facilities of THE SCORE DRAFT ROOM. Plaintiff has been denied full and equal access on an ongoing basis since the date of plaintiff SPENCER NEAL' first visit. As a legal result, plaintiff is entitled to seek appropriate relief, such as damages, pursuant to Ohio Revised Code § 4112.99.

54.     On or about September 30, 2017, plaintiff SPENCER NEAL suffered violations of Ohio Revised Code § 4112.02(G) in that plaintiff SPENCER NEAL was denied access to the parking and other public facilities as stated herein at THE SCORE DRAFT ROOM and on the basis that plaintiff SPENCER NEAL was a person with physical disabilities.

55.     As a result of the denial of equal access to Defendants' facilities due to the acts and omissions of Defendants in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of his civil rights, as well as suffering from injury, shame, humiliation, embarrassment, frustration, anger, chagrin, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

56.     Plaintiff has been damaged by Defendants' wrongful conduct and seeks the relief that is afforded by Ohio Revised Code § 4112 for violation of plaintiff's rights as a person, including statutory damages according to proof.

57.     As a result of Defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Ohio Revised Code § 4112, plaintiff therefore will seek recovery in this lawsuit for all

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 19

reasonable attorneys' fees and costs incurred if deemed the prevailing party.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

III.    **THIRD CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO ADMINISTRATIVE CODE § 4101:1-11, *et seq*.**

58.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 57 of this complaint.

59.    Ohio Administrative Code (hereinafter "O.A.C.") § 4101:1-11 controls the design and construction of facilities for accessibility for individuals with disabilities.

60.    Sites, buildings, structures, facilities, elements and spaces, temporary or permanent, shall be accessible to individuals with disabilities. O.A.C. § 1103.1.

61.    THE SCORE DRAFT ROOM and the business therein, being a site, building, structure, facility, element or space, committed an unlawful act pursuant to O.A.C. § 1104.1 by failing to provide at least one accessible route to the THE SCORE DRAFT ROOM building entrance.

62.    As THE SCORE DRAFT ROOM provides between 1 to 25 parking spaces, Defendants are required to have a minimum of one accessible parking space pursuant to O.A.C. § 1106.1.

63.    THE SCORE DRAFT ROOM committed an unlawful act pursuant to O.A.C. § 1106.1 by failing to provide any accessible parking spaces, which are to include applicable signage. In violation of O.A.C. § 1106.6, Defendants failed to provide any accessible parking spaces on the shortest accessible route of travel from adjacent parking to an accessible building entrance.

64.    Defendants' violations denied plaintiff SPENCER NEAL full enjoyment of its accommodations, advantages, facilities, or privileges, whereas, plaintiff SPENCER NEAL

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 20

had great difficulty entering the property due to extensive barriers for patrons confined to wheelchairs on the accessible route.

65.     As a result of these violations, plaintiff SPENCER NEAL is entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

66.     A separate act in violation of Ohio Administrative Code § 4101:1-11, *et seq.* has been committed each day that Defendants act or fail to act and/or knowingly and willfully fail and refuse to make accessible its site for physically disabled persons presently existing at the subject THE SCORE DRAFT ROOM. Plaintiff has been denied full and equal access on an ongoing basis since the date of plaintiff SPENCER NEAL' first visit. As a legal result, plaintiff is entitled to seek appropriate relief, such as damages.

67.     As a result of THE SCORE DRAFT ROOM's accessibility violations, plaintiff suffered violations of his civil rights, as well as suffering from injury, shame, humiliation, embarrassment, frustration, anger, chagrin, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

68.     Plaintiff has been damaged by Defendants' wrongful conduct and seeks relief for violation of the O.A.C., including actual and special damages according to proof.

69.     As a result of Defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 21

prohibiting discrimination against persons with physical disabilities. Plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, plaintiff prays that this court grant relief and damages as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.     For injunctive relief, compelling Defendants to make THE SCORE DRAFT ROOM, located at 426 E. Exchange St., Akron, Ohio, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.     For such other and further relief as the court may deem proper.

**I.     PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, et seq.**

4.     For injunctive relief, compelling Defendants to make THE SCORE DRAFT ROOM, located at 426 E. Exchange St., Akron, Ohio, readily accessible to and usable by individuals with disabilities, per state law.

5.     General and compensatory damages according to proof;

6.     All damages for each day, from the inception of the filing of this complaint, on

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 22

which Defendants have failed to remove barriers which denied plaintiff and other persons with disabilities full and equal access.

       7.     Attorneys' fees pursuant to Ohio Revised Code § 4112.99, if plaintiff is deemed the prevailing party;

       8.     Punitive damages, pursuant to Ohio Revised Code § 2315.21;

       9.     For all costs of suit;

      10.     Prejudgment interest pursuant to Ohio Revised Code 1343.03(A);

      11.     Such other and further relief as the court may deem just and proper.

**III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO ADMINISTRATIVE CODE § 4101:1-11, *et seq*.**

      12.     For injunctive relief, compelling Defendants to make THE SCORE DRAFT ROOM, located at 426 E. Exchange St., Akron, Ohio, readily accessible to and usable by individuals with disabilities, per state law.

      13.     General and compensatory damages according to proof;

      14.     All damages for each day, from the inception of the filing of this complaint, on which Defendants have failed to remove barriers which denied plaintiff and other persons with disabilities full and equal access.

      15.     Attorneys' fees pursuant to Ohio Revised Code § 4112.99, if plaintiff is deemed the prevailing party;

      16.     Punitive damages, pursuant to Ohio Revised Code § 2315.21;

      17.     For all costs of suit;

      18.     Prejudgment interest pursuant to Ohio Revised Code 1343.03(A);

      19.     Such other and further relief as the court may deem just and proper.

*/s/ COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
BLAKEMORE, MEEKER & BOWLER CO., L.P.A.
495 Portage Lakes Dr.
Akron, Ohio 44319
Telephone:    (330) 253-3337
Facsimile:    (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff SPENCER NEAL


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all claims for which a jury is permitted.

*/s/ COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
BLAKEMORE, MEEKER & BOWLER CO., L.P.A.
495 Portage Lakes Dr.
Akron, Ohio 44319
Telephone:    (330) 253-3337
Facsimile:    (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff SPENCER NEAL

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 24